Manly, J.
The plaintiffs: purchased lands described in the pleadings, of Jesse L. Bryan at a public sale in Decern-bet 1858.
At that time, as they allege, there were' executions running upon a judgment against- Bryan, obtained in October T851. At the sale the defendants (the Sheriff’ in whose hands were the writs fi. fa. combining) fraudulently represented the debts to be satisfied, and thus induced the plaintiffs to buy the land in question:-
*58 Notwithstanding the writs of fi. fa, were continuously sued out upon the judgment .until' January, 1857, when there was a levy upon the laud, a sale, and a purchase by «Ritter. The plaintiffs charge a fraudulent combination on the part of Ritter and other defendants to encumber their title, and pray to have the cloud removed,
Au exemplifibatiou of the entire record of the case of Ritter' vs|ijEífyan,'¿ihas been filed as an exhibit, from which it appears %hat although, writs of fi. fa. were regularly issued from the date of the judgment, in 1851, to the sale in 1857, yet none of them purported to be alias writs, which, we deem‘necessary in order to keep up a lien. See the cases of Yarborough vs. State Bank, 2 Dev. 23, Palmer vs. Clark, 2 Dev. 356, Dem ex dem. Arrington vs. Hodge, 2 Dev. 359, and Harvey vs. Spivey, 8 Ire. 63. The discussion of this matter has generally arisen upon the question whether ah alias as such, would attach as a lien from the test of the original. It seems, to have been a conceded point at all times-, if it were not an alias, that the lien would not attach. '
The law does not tolerate deception in. its process, Tby which purchasers and creditors maybe entrapped. If a creditor desires to continue bis lien, be must cause the necessary writs to appear truly upon tbeir face what be claims them to be, and each must go into the hands of the Sheriff where the property lies.
It has been held when a levy is made under a fi. fa. and a fi. fa. again issues instead of a Vend. Exp., the Hen is lost. When a fi. fa. purports to be an alias, but the original did not go into the Hands of the Sheriff, but was held up by tbe plaintiff, the Hen does not extend beyond the teste of the alias. Where the alias and original were sent to different counties, the property not being in the county *59 •to which the original was sent, the alias was not a lien, except from its own teste. See authorities ah-eady cited.
It will be seen from these principles, that although at the time of the sale to the plaintiffs in 1853, the land was. under the lien of ah. fa from October, ’53, to January ’54, yet this lien was lost. '1 he execution which issued from January to April ’54, did not purport’to be an alias, which was necessary as we have .seen, in order to impart to it efficacy as a lieu from the teste of the previous writ. The fi. fa. linger Jdiiohihe hind was .sold in 1857* was an original, and did nor operate as a lien beyond its own-teste.
We hold, therefore, that the title of the,plaintiff is not obscured in such-wise as to entitle him to call on this court-for aid. He may vindicate his rights in a court of law. The bill must he dismissed ; but withou| costs, except as to defendant Worthy, who-is entitlrd to costs. ■
Note. — Thedecree declares ‘‘that the defendants have no legal title to the land mentioned in the pleadings, and theaefore are not trustees for the plaintiffs, Whereiore it is ordered, &c., that the bill be dismissed, &o.